UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

THOMAS STAMPER, SR.,

    Petitioner,

v.

J.C. HOLLAND,

    Respondent.

Civil Action No. 11-53-HRW

**MEMORANDUM OPINION
AND ORDER**

**** **** **** ****

Thomas Stamper, Sr. is an inmate incarcerated at the Federal Correctional

Institution in Ashland, Kentucky. Stamper has filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. Having

reviewed the petition[1], the Court will deny relief because Stamper's claims are not

cognizable in a petition for a writ of habeas corpus pursuant to Section 2241.

On August 28, 2006, Stamper was indicted for various federal drug and firearm

trafficking offenses. On July 17, 2007, Stamper agreed to plead guilty to possession

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), as well as a forfeiture count. On December 11, 2007, the Court accepted Stamper's plea agreement, and on December 13, 2007, sentenced him to two concurrent 84-month sentences. *United States v. Stamper*, No. 7:06-CR-21-GFVT (E.D. Ky. 2006).

In his petition, Stamper contends that his trial counsel was constitutionally ineffective for not presenting evidence that all of the guns and drugs found at the residence belonged to his son rather than himself, and fraudulently induced him into signing the plea agreement by indicating that he had done so. [R. 2-1 at 4, 6-9]

The Court will deny the petition because Stamper may not assert these claims in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality

of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Stamper's claims, that his trial counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), or engaged in affirmative misconduct, are matters which could and should have been asserted during his sentencing and direct appeal. Because these claims, even if meritorious, did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Wooderts v. United States*, 338 F. App'x 387, 388 (5th Cir. 2009); *Dixon v. United States*, 207 F.

App'x 941, 942 (11th Cir. 2006); *Mans v. Young*, 36 F. App'x 766, 768 (6th Cir.

2002); *Padgett v. Hastings*, No. 7:05-353-DCR, 2006 WL 335576, at \*2 (E.D. Ky.

Feb. 16, 2006).  His petition must therefore be denied.

    Accordingly, **IT IS ORDERED** that:

1.     Stamper's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2.     The Court will enter an appropriate judgment.

This 11th day of July, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge